IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHEEM JACKSON, | : | No. 3:25cv1054 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| BRENDA LAUREN, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Raheem Jackson ("Jackson"), an inmate confined, at all relevant times, at the State Correctional Institution, Camp-Hill, Pennsylvania ("SCI-Camp Hill"), initiated this action pursuant to 42 U.S.C. § 1983, against Chief Warden of Staff Brenda Lauren and four John Doe individuals. (Doc. 1). Along with the complaint, Jackson filed a motion (Doc. 2) for leave to proceed *in forma pauperis*.

The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the following reasons, the court will dismiss Jackson's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and grant him leave to file an amended complaint.

I. **The Complaint**

Jackson asserts that the events giving rise to his claims occurred at SCI-Camp Hill on July 11.[1] (Doc. 1, at 4). Jackson alleges that he "arriv[ed] back to the prison after being treated for an infection in [his] hand" and was placed in a cell, in handcuffs and shackles. (Id.). He further alleges that there was no mattress in the cell, and he remained there for 31 days. (Id.).

The complaint does not set forth any factual allegations against Brenda Lauren or the John Doe defendants and does not allege that they were involved in these alleged events. (See Doc. 1).

Jackson seeks monetary relief in the amount of $5,000,000. (Id. at 5).

II. **Legal Standard**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. §

---

[1] The complaint does not indicate what year the alleged events occurred.

2

1915(e)(2)[2]; 28 U.S.C. § 1915A[3]. The court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (nonprecedential) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

---

[2] 28 U.S.C. § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal—
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

## III. Discussion

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208. A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. Id. at 1207.

Jackson's claims against Brenda Lauren and the John Doe defendants are not plausible. Jackson never alleges each defendant's personal role in the alleged harm. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'") (quoting Rode, 845 F.2d at 1207)). Jackson only broadly alleges that he was placed in a cell, in handcuffs and shackles, with no mattress. (Doc. 1, at 4). Under the most liberal construction, Jackson's complaint fails to state a claim for relief against Brenda Lauren and the John Doe defendants. The complaint names Brenda Lauren and the John Doe individuals as defendants in this action but fails to allege any personal involvement and fails to set forth any factual averments that identify how they were involved in the alleged wrongdoing. (See generally Doc. 1). Based upon the above legal standards, it is clear that any claims against Brenda Lauren and the John Doe defendants are subject to dismissal based on Jackson's failure to set forth any factual allegations against them. Without such factual allegations, it is impossible to conclude that Brenda Lauren and the John Doe defendants deprived Jackson of his constitutional rights. See Hudson v. City of McKeesport, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him).

To the extent that Jackson seeks to hold Chief Warden of Staff Brenda Lauren liable based on her supervisory role, this claim also fails. It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. See Rode, 845 F.2d at 1207. Accordingly, insofar as Jackson's claims against Chief Warden of Staff Brenda Lauren rely on a *respondeat superior* theory of liability, these claims are also subject to dismissal.

Furthermore, the allegations fail to meet the pleading standard under Federal Rule of Civil Procedure 8, because the John Doe defendants would not have sufficient notice of the legal or factual claims to respond on the merits. See Afzal v. N.J. Bd. of Med. Examiners, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). Jackson has failed to identify distinct defendants with individually alleged actions, and he has not presented the claims with the necessary clarity or supporting facts.

In sum, Jackson has not stated a claim against Chief Warden of Staff Brenda Lauren and the John Doe defendants, and the claims against them must

6

be dismissed. However, Jackson will be granted the option of filing an amended complaint to attempt to cure the defects discussed above.[4]

## IV. Conclusion

Consistent with the foregoing, the court will grant Jackson leave to proceed *in forma pauperis* and will dismiss his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will allow Jackson leave to file an amended complaint in the event he can state a plausible claim against an appropriate defendant or defendants. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A separate order shall issue.

Date: June 12, 2025

JUDGE JULIA K. MUNLEY
United States District Court

---

[4] If Jackson chooses to file an amended complaint, it must be a complete document that does not rely on the initial complaint, or other papers filed in this case.