# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAHEEM JACKSON,                  :        No. 3:25cv1054
                                 :
                    Plaintiff    :        (Judge Munley)
                                 :
        v.                       :
                                 :                    FILED
LT. KENNER BARNS,                :                    SCRANTON
                                 :
                    Defendant    :                    JUL 0 1 2025
                                          PER ............... *illegible signature*
                                              DEPUTY CLERK

## MEMORANDUM

Plaintiff Raheem Jackson ("Jackson"), an inmate confined, at all relevant times, at the State Correctional Institution, Camp-Hill, Pennsylvania ("SCI-Camp Hill"), initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). On June 12, 2025, the court granted Jackson leave to proceed *in forma pauperis* and conducted the required statutory screening of Jackson's complaint pursuant to 28 U.S.C. § 1915A. (Docs. 6, 7). Upon conducting this initial statutorily mandated screening, the court entered a memorandum and order dismissing Jackson's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but granted him leave to file an amended complaint. (Id.). Jackson then filed a proposed amended complaint against Lieutenant Kenner Barns and Superintendent Lindsy Kendall. (Doc. 10).

The amended complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).  For the following reasons, the court will serve the amended complaint on Lieutenant Barns, and dismiss Superintendent Kendall as a defendant in this action.

## I.    The Amended Complaint

Jackson asserts that the events giving rise to his claims occurred at SCI-Camp Hill on July 11, 2024.  (Doc. 10, at 1).  Jackson alleges that defendant Barns placed him in a cell with no mattress "while being handcuffed and shackled."  (Id.).  Jackson allegedly asked defendant Barns for a mattress, and to be removed from the handcuffs and shackles.  (Id.).  Jackson alleges that defendant Barns did not bring him a mattress and did not remove his restraints.  (Id.).  Jackson asserts that he remained in the cell for 31 days.  (Id.).

The amended complaint does not set forth any factual allegations against Superintendent Kendall and does not allege that Kendall was involved in these alleged events.  (See Doc. 10).

Jackson seeks monetary relief in the amount of $5,000,000.  (Doc. 10, at 2).

## II.    Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or

seeks redress against a governmental employee or entity. <u>See</u> 28 U.S.C. §

1915(e)(2)[1]; 28 U.S.C. § 1915A[2]. The court is required to identify cognizable

claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B); 28

U.S.C. § 1915A(b). "The legal standard for dismissing a complaint for failure to

state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for

dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."

<u>Schreane v. Seana</u>, 506 F. App'x 120, 122 (3d Cir. 2012) (nonprecedential)

(citing <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000)).

---

[1]  28 U.S.C. § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
court shall dismiss the case at any time if the court determines that—
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal—
        (i)  is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii)  seeks monetary relief against a defendant who is immune from such relief.

[2]  28 U.S.C. § 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon
    as practicable after docketing, a complaint in a civil action in which a prisoner seeks
    redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss
    the complaint, or any portion of the complaint, if the complaint—
        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

### III.    **Discussion**

Jackson has not stated any basis for a claim against Superintendent Kendall.  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998).  "Suits against high-level government officials must satisfy the general requirements for supervisory liability."  Wharton v. Danberg, 854 F.3d 234, 243 (3d Cir. 2017).  There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), reversed on other grounds by Taylor v. Barkes, 575 U.S. 822 (2015).  First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."  Id. (quoting A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).  A supervisor may also "be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."  Id. (citation omitted).  "Allegations of participation or actual knowledge and

4

acquiescence, however, must be made with appropriate particularity." <u>Rode</u>, 845 F.2d at 1207.

Apart from identifying the Superintendent as a defendant, Jackson raises no allegations against the Superintendent. He does not explain what Superintendent Kendall did or did not do and how any such actions or inactions reflect the Superintendent's involvement in the alleged violation of Jackson's constitutional rights. To the extent Jackson named Superintendent Kendall as a defendant because Kendall is in charge of operations at SCI-Camp Hill, this position alone is an insufficient basis for liability. <u>See</u> <u>e.g.</u>, <u>Saisi v. Murray</u>, 822 F. App'x 47, 48 (3d Cir. 2020) (<i>per curiam</i>) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 354 (3d Cir. 2005))). In sum, Jackson has not stated a claim against Superintendent Kendall.

## IV.    <u>Leave to Amend</u>

When the district court decides to dismiss a complaint based on a plaintiff's failure to plead a prima facia case, the court must also decide whether to grant leave to file an amended complaint. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002). A court need not grant leave to amend when it

would be an exercise in futility. City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 879, 69 V.I. 1034 (3d Cir. 2018) ("Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'") (quoting Jablonski v. Pan. Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).

Jackson has exhausted his opportunity to refine his pleadings to establish claims against proper defendants, based on what he purports were violations of § 1983. Jackson has failed to establish a right to proceed against Superintendent Kendall; therefore, leave to file a second amended complaint asserting § 1983 claims against Superintendent Kendall will not be granted. See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story…giving him further leave to amend would be futile.").

## V.    Conclusion

Consistent with the foregoing, the court will serve the amended complaint on Lieutenant Barns and will dismiss Superintendent Kendall from this action.

A separate order shall issue.


Date: July____, 2025

_____
JUDGE JULIA K. MUNLEY
United States District Court