IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAHEEM JACKSON,                    :        No. 3:25cv1054
                                   :
                Plaintiff          :        (Judge Munley)
                                   :
        v.                         :
                                   :
LIEUTENANT BACCI,                  :
                                   :
                Defendant          :
....................................................................................................

## MEMORANDUM

Plaintiff Raheem Jackson ("Jackson"), an inmate housed at the State Correctional Institution at Forest, commenced this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). On June 12, 2025, the court conducted the required statutory screening of Jackson's complaint pursuant to 28 U.S.C. § 1915A. (Docs. 6, 7). Upon conducting this initial statutorily mandated screening, the court entered a memorandum and order dismissing Jackson's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), but granted him leave to file an amended complaint. (Id.). In response, Jackson filed an amended complaint. (Doc. 10).

Presently pending is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 29). Jackson failed to respond to the

motion and the time for responding has now passed.[1]  Therefore, the motion is deemed unopposed and ripe for resolution.  For the reasons that follow, the court will grant the motion.

## I.     Factual & Procedural Background

In the amended complaint, Jackson alleges that, on July 11, 2024, an individual named Kenner Barns placed him in handcuffs and shackles and deprived him of a mattress.  (Doc. 10, at 1).  Jackson alleges that he asked Kenner Barns to remove his handcuffs and shackles and requested a mattress.  (Id.).  Kenner Barns allegedly responded that "he would have to speak to a [h]igher up."  (Id.).  Jackson asserts that Kenner Barns never returned, and he remained shackled in the cell for 31 days.  (Id.).  For relief, Jackson seeks $5 million in damages.  (Id. at 2).

Upon review of the amended complaint, the court, inter alia, directed service on Kenner Barns.  (Doc. 12).  However, the individual named Kenner Barns was never identified or served in this case.  (See Doc. 16).  Therefore, Jackson sought leave to amend his complaint to "change [the] defend[a]nt['s] name to lieutenant Mikael Bacci."  (Doc. 22).  On January 12, 2026, the court granted Jackson's request, substituted Lieutenant Bacci as the sole defendant,

---

[1]  Jackson was directed to file a brief in opposition to defendant's motion by March 10, 2026, and was admonished that failure to file an opposition brief would result in the motion being deemed unopposed.  (Doc. 35) (citing LOCAL RULE OF COURT 7.6).

2

directed service on Lieutenant Bacci, and terminated Kenner Barns as a defendant in this action.  (Doc. 25).

Defendant Bacci now argues that the amended complaint must be dismissed because Jackson failed to plead a short and plain statement of the claim in violation of Rule 8 and, in turn, failed to establish defendant Bacci's personal involvement in the alleged wrongdoing.  (Doc. 30).

## II.    **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the

3

defendant notice of what the…claim is and the grounds upon which it rests."

Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the

complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-

step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir.

2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff

must plead to state a claim.'"  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675

(2009)).  Next, the factual and legal elements of a claim should be separated;

well-pleaded facts must be accepted as true, while mere legal conclusions may

be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11

(3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the

court must determine whether they are sufficient to show a "plausible claim for

relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550

U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief

above the speculative level").  A claim "has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

III.    **Discussion**

Section 1983 provides that persons acting under color of state law may be

held liable if they deprive an individual of "any rights, privileges, or immunities

secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.

To properly set forth a Section 1983 claim, a plaintiff must plead two essential

elements: (1) the conduct complained of was committed by a person acting

under color of state law; and (2) the conduct deprived the plaintiff of a right,

privilege, or immunity secured by the Constitution or laws of the United States.

See West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560,

563 (3d Cir. 2011).  Individual liability can be imposed under Section 1983 only if

the state actor played an "affirmative part" in the alleged misconduct, and "cannot

be predicated solely on the operation of respondeat superior."  Evancho, 423

F.3d at 353 (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)).

In other words, a defendant "must have personal involvement in the alleged

wrongs... shown through allegations of personal direction or of actual knowledge

and acquiescence[.]" Atkinson v. Taylor, 316 F.3d 257, 270 (3d Cir. 2003)

(quoting Rode, 845 F.2d at 1207).

Allegations of personal involvement must be made with appropriate

particularity in that the complaint must allege the particulars of conduct, time,

place, and personal responsibility.  Evancho, 423 F.3d at 354; Rode, 845 F.2d at

1207-08.  Subsequent knowledge of an incident is insufficient to demonstrate

that a state actor played an "affirmative part" in the alleged misconduct.  Rode,

845 F.2d at 1207-08 (the after-the-fact submission of a grievance is "simply

insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred); Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (grievance coordinator and superintendent's involvement in review and denial of grievance insufficient to establish personal involvement). It is the plaintiff's burden to "show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." Kirk v. Roan, 2006 WL 2645154, at *3 (M.D. Pa. Sept. 14, 2006) (quoting Evancho, 423 F.3d at 353).

Rule 8 sets forth the general rules of pleading. See FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FED. R. CIV. P. 8(a)(2). In addition, Rule 8(d)(1) requires that "[e]ach allegation…be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Generally speaking, these Rules require a plaintiff to provide "the defendant notice of what the…claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Twombly, 550 U.S. at 555). This pleading standard requires more than legal labels and conclusory assertions: a complaint must include enough facts "to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555 (citations omitted).

Here, Jackson's allegations against defendant Bacci fail to meet this basic pleading standard. At the outset, the court notes that the amended complaint did not initially identify or name defendant Bacci. (See Doc. 10). However, when

6

Jackson sought to change the defendant's name from Kenner Barns to M. Bacci, the amended complaint was deemed amended to substitute M. Bacci in place of Kenner Barns. (Docs. 22, 25). The court, therefore, addresses the allegations of the amended complaint as set forth against defendant Bacci.

Jackson asserts an Eighth Amendment cruel and unusual punishment claim against defendant Bacci. (Doc. 10). In support, Jackson alleges that he requested a mattress and asked defendant Bacci to remove his handcuffs and shackles. (Id. at 1). Defendant Bacci allegedly informed Jackson that "he would have to speak to a [h]igher up" about Jackson's requests. (Id.). The only factual allegation that Jackson has asserted against defendant Bacci is, essentially, that Bacci informed Jackson that he must speak to his superiors about Jackson's requests. (Id.). The amended complaint fails to explain how defendant Bacci violated Jackson's rights and fails to set forth specific factual grounds upon which Jackson seeks to assert an Eighth Amendment claim against defendant Bacci. Accordingly, the court concludes that Jackson's Section 1983 claim against defendant Bacci is subject to dismissal for failure to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure.

## IV.   Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a court dismisses a claim that is merely

deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).  The court may decline to permit amendment, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id.

The court concludes that granting Jackson leave to file a second amended complaint would be futile because he has previously been granted leave to amend and has failed to cure the deficiencies of his claims.  See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").  Moreover, Jackson failed to respond to defendant's motion to dismiss, despite being ordered to do so.

## V.   <u>Conclusion</u>

Consistent with the foregoing, the court will grant defendant's motion to dismiss.  (Doc. 29).  A separate order follows.

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

Dated:    March _____, 2026